WESTERN DIS.
*September*, 1841.

BLANCHARD *vs.* CASTILLE.

BLANCHARD
*vs.*
CASTILLE.

19L 362
45 1089

19L 362
46 346

19L 362
50 735

19L 362
106 689

19 362
109 922

19 362
115 865

19 362
118 647
118 757

19 362
121 481

## BLANCHARD *vs.* CASTILLE.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, FOR THE PARISH OF ST. MARTIN, THE JUDGE OF THE DISTRICT PRESIDING.

Conversations between the husband and wife out of the presence of the defendant, who was not privy to the sale or transaction to which they relate, are inadmissible in evidence.

Threats and undue influence of the husband, to induce his wife to sign an act of sale of her paraphernal property to B., even if sufficient to annul it as between them, cannot affect the rights or be given in evidence against C., a *bona fide* purchaser from B.

A *bona fide* purchaser, without notice, is not affected by fraud in his vendor, who has a legal title to the property sold.

The possessor of slaves under a just title, in good faith, will be protected by the prescription of five years.

This is an action to recover a certain slave, named Celeste, and her two children, in the possession of the defendant. The plaintiff alleges, she was induced by the threats, violence and coercion of her husband, in the year 1829, to sell said slaves, who were her paraphernal property, to one B. Thibodeaux, with whom her husband colluded. That said sale was fraudulent and without consideration; purporting to be for $1000 in cash, but in fact only cattle were received, and which were converted to the exclusive benefit and use of her said husband, then living. She prays, that the sale to Thibodeaux be declared null; and that the defendant, who holds the said slaves without title, be decreed to give them up. The defendant pleaded the general issue; and averred, that the sale to Thibodeaux was valid and binding; and that he purchased them in good faith at the probate sale of Thibodeaux's succession. That the fraud, violence and threats alleged by the plaintiff, were without the knowledge of Thibodeaux, who was a purchaser in good faith, and was not ground for the rescission of the sale even as to him. He pleads prescription.

Upon these issues the cause was tried. The plaintiff offered parol evidence of the threats and fraud used by her husband, which was objected to and rejected. There was judgment for the defendant, and the plaintiff appealed.

*T. H. & W. B. Lewis*, for the plaintiff.

*Voorhies*, for the defendant.

*Morphy, J.* delivered the opinion of the court.

The plaintiff seeks to recover a negro woman and two. children, her paraphernal property, on the ground, that she was compelled by Alexander Lormaud, her husband, to sell them to the late Benjamin Thibodeaux; at the sale of whose succession they were purchased by defendant. The petition alleges in substance, that in 1829, plaintiff's husband endeavored to persuade her to sell these slaves; that after repeatedly and without success calling upon her to comply with his wishes, he threatened to abandon her and kill the slaves, if she did not consent to. sell them; that being informed, that said Benjamin Thibodeaux was the person, to whom the sale was. intended to be made, she advised him not to buy them, as her consent was obtained through coercion, and she should never consider herself bound by it; that notwithstanding this notice and the perfect knowledge he had of the means resorted to by her husband, to coerce her consent, the said Thibodeaux and her husband had a deed of sale prepared, which she was induced to sign as vendor by threats, marital coercion, and other illegal means; and that, although the sale recites, that a thousand dollars were paid in cash, she received no part of said sum, but her husband received some cattle in payment of the price, which he sold and disposed of for his private use and benefit.

The answer avers, that the sale from plaintiff to Thibodeaux, under whom defendant claims, was valid, and for a good consideration; that no fraud or collusion existed on the part of said Thibodeaux; that if any threats or violence were used towards plaintiff by her husband, it was not to his knowledge, and that at all events they were not such, as should cause the. sale to be rescinded. There was a judgment below in favor of the defendant, from which plaintiff appealed.

WESTERN DIS.
September,1841.

BLANCHARD
vs.
CASTILLE.

Conversations between the husband and wife out of the presence of the defendant, who was not privy to the sale or transaction, to which they are admissible in evidence.

Threats and undue influence of the husband, to induce his wife to sign an act of sale of her paraphernal property to B., even if sufficient to annul it as between them, cannot affect the rights or be given in evidence against C., a bona fide purchaser from B.

A bona fide purchaser, without notice, is not affected by fraud in his vendor, who has a legal title to the property sold.

The possessor of slaves under a just title, in good faith, will be protected by the prescription of five years.

On the trial, plaintiff offered to prove by several witnesses the allegations of her petition in relation to the threats of Alexander Lormaud, and the notice she had given Thibodeaux, that her consent was not free, and that she should not consider herself as bound by it; this testimony was objected to on the ground, that conversations between the husband and wife, out of the presence of defendant, who was not privy to said sale, could not be given in evidence against him; the judge being of this opinion, a bill of exceptions was taken, to which our attention has been drawn. It appears to us, that the testimony was properly rejected; but had it been heard, it could not, in our opinion, have assisted plaintiff much in her claim. Admitting, that the threats and undue influence alleged by her have existed, and would have sufficed to annul the conveyance from her to Thibodeaux, the defendant, who is a *bona fide* purchaser, without notice, cannot be thereby affected. He purchased these slaves upwards of four years thereafter, at a public sale of the estate of a person having an apparently legal title, and has paid a valuable consideration. It has more than once been held, that a *bona fide* purchaser, without notice, is not affected by fraud in his vendor, who has a legal title to the property sold. 8 Martin, N. S., 342; Thom's vs M ad; and Miles vs. Oden et al.; Idem, 227; see also 6 Cranch, 133; Fletcher vs. Peck. If such be the well established rule with regard to fraud, we can see no good reason, why it should not obtain in a case, where threats and violence are alleged, for the former as well as the latter are among the causes, which invalidate contracts between the parties to them; want of consent in both cases is the ground, on which the nullity or rescission can be claimed, La. Code, 1813, and the equity and reason for protecting a *bona fide* purchaser, without notice, are as strong in one case as in the other. It is not unworthy of remark, that the plaintiff has waited for more than five years, after the slaves have passed out of the possession of Thibodeaux or his heirs, to bring her complaint. If every other defence had failed the defendant, he would be protected by prescription;

for he has possessed these slaves under a just title and in good faith more than five years, before the institution of the present suit. La. Code, art. 3444.

It is therefore ordered and decreed, that the judgment of the District Court be affirmed with costs.