GEORGE C. BROWER *v.* HIS CREDITORS and the CREDITORS OF B. BROWER & CO.

On the death of B. B. the partnership of B. B. & Co. owed his widow a sum of money. The widow married V., the surviving partner of B. B. & Co., who formed a new partnership with G. C. B. In this contract of partnership the wife of V. intervened, and consented that the money due her as widow in community of her late husband, should remain with the new firm as a loan, upon which she was to receive interest quarterly. *By the Court:* The terms of the contract of partnership show conclusively that Mrs. V. was not a partner, but a creditor.

The stipulation in the act of partnership by which Mrs. V. agrees not to be considered as a creditor until all the other debts are provided for, is a contract of suretyship for her husband, for the benefit of his creditors. It is a contract entered into by her, without any consideration enuring to her own benefit, both for her husband and conjointly with him, by which she renounces her own rights as a creditor for the benefit of those who may hereafter become his creditors. Such a stipulation is repudiated by the spirit and letter of our laws. Code 2412.

APPEAL from the Fifth District Court of New Orleans, *Augustin,* J. *Durant & Hornor,* for appellants. *Clarke & Bayne,* for appellee.

LEA, J. The litigation in this case grows out of an opposition filed by *S. E. Moore & Co.* to a claim of *Mrs. Vanzandt* for $9494, placed upon the tableau of distribution filed by the Syndic.

In the latter part of the year 1849 *George C. Brower* and *William T. Vanzandt* formed a copartnership in this city, which was carried on under the style of *B. Brower & Co.* until it was dissolved by a *cessio bonorum* made in 1855.

Another firm had previously existed under the same name, of which *Baldwin Brower,* the former husband of *Mrs. Vanzandt,* was the principal member. *B. Brower* died in 1845. The share of the legal representatives of the deceased was not withdrawn from the firm, but in pursuance of stipulations in the contract of partnership, it was continued until 1849, when the new firm was formed.

At the time the partnership was entered into between *Geo. C. Brower* and *Vanzandt* there was due to *Mrs. Vanzandt,* formerly the widow of *B. Brower,* by the old firm, the sum of $9494 25.

In the contract of partnership between *G. C. Brower* and *Vanzandt, Mrs. Vanzandt* intervened, and consented that this balance, coming to her as widow in community of her late husband, should remain with the new firm as a loan upon which she was to receive interest, payable quarterly.

It appears from the evidence that the widow of *B. Brower* and wife of *Vanzandt* consented to look to the new firm as her debtor for the portion coming to her from the final liquidation of the succession of her deceased husband, which was in part effected by the very sale by which the new firm purchased the stock and took the place of the old firm.

Now, it is contended that *Mrs. Vanzandt* is not a creditor, for the reasons that she is a partner in the new firm, and liable for its debts, and that by her marriage with *Vanzandt* he became the absolute owner of her personal property wherever situated; and, moreover, that by her express act she has waived her right, if she ever had any, to receive a dividend.

We think the terms of the contract of partnership show conclusively that *Mrs. Vanzandt* was not a partner, but a creditor. That her right as such

consisted in her then unliquidated interest in the succession of *Baldwin Brower*, and as such it was a chose in action, which up to that period had not been reduced to possession, and over which it does not appeer that her husband ever exercised any act of dominion or administration. See 2d Ann., 983; also *Mercenaro* v. *Bertoli*, lately decided; also New York Statutes of 1848 and 1849.

Again, *Mrs. Vanzandt* did not lend or give money to her husband which was lent by him to the firm. By the very terms of the contract she was acknowledged as a creditor of the firm in her own right: this acknowledgment was based upon a good and valid consideration, and the only question to be determined is whether she has done any act or made any contract which debars her from urging her claim as a creditor.

We have been referred to a stipulation contained in the act of partnership, by which *Mrs. Vanzandt* agrees not to be considered as a creditor until all the other debts are provided for.

By whatever name such a stipulation may be called, it is nothing more nor less than a contract of suretyship for her husband, for the benefit of his creditors. It is a contract entered into by her, without any consideration enuring to her benefit, both for her husband and conjointly with him, by which she renounces her own rights as a creditor for the benefit of those who may thereafter become his creditors. Such a stipulation is repudiated by the spirit and letter of our laws. See Art. C. C., 2412.

We think there is no error in the judgment appealed from.

Judgment affirmed.