No. 1424.

MARGUERITE BROUSSARD vs. ALPHONSE L. LEBLANC, SHERIFF, ET ALS.

1.  In case a creditor causes property, standing in the name of his debtor, to be seized under *fi. fa.* and he is met by an injunction, he can not defeat the claim of the enjoining plaintiff by setting up the bar of an alleged judicial mortgage.

2. The proof disclosing that an apparent sale by a married woman to one who is a creditor of her husband has no other consideration than the *indebtedness* of the latter to the vendee, and that, after the transaction, it remains intact and unsatisfied, the act will be esteemed a mere security for the debt, and, as such, absolutely void.

3. If the vendor in such a transaction remain in possession of the property subsequently, the creditor of the alleged vendee can not successfully interpose the act as a complete bar against secret equities and latent ambiguities therein.

APPEAL from the Twenty-fifth District Court, Parish of Vermillion. *Mouton, J.*

*L. L. Bourges* for Plaintiff and Appellee.

*W. A. White, Lastie Broussard* and *W. W. Edwards* for Defendants and Appellants.

The opinion of the court was delivered by

WATKINS, J.   When this case was last before us the plaintiff's petition and the defendants' exception were analyzed, the judgment dismissing the suit overruled and annulled, and the cause remanded and reinstated for a trial on the merits.   43. An. 937.

The cause of action is sufficiently stated in our former opinion, and it needs no recapitulation. .

It is sufficient to premise that the plaintiff, a married woman, claims the ownership of the property, in her own paraphernal right, and, by injunction, seeks to restrain its sale as that of the seized debtor, the defendant, Joseph S. Nunez.   Her averment is that her husband, Demosthenes Nunez, unduly influenced her to sign a pretended act of sale purporting to convey said property to Joseph S. Nunez; whereas it was, in fact, only intended to be a security for the debt of her husband to the said ostensible vendee, she never having received any part of the consideration named therefor in the deed of sale.

She further avers that said pretended sale is simulated, fraudulent and void, and conferred no title upon the vendee, and that, as a security for the payment of the indebtedness of her husband, same was made in direct violation of a prohibitory law, and consequently the act was, and is, an absolute nullity, either as a sale, pledge or mortgage.

In our opinion we held that the theory of the plaintiff is that the

document in question was one of an hypothecary or pignorative character, or if it was intended to be a sale, it was a fraudulent simulation. And that the defendants' theory is that, it was a sale, and the plaintiff without a cause of action to assail it.

The several defendants and seizing creditors unite in making answer, and admitting plaintiff's acquisition of the property, as she has averred, and its seizure under execution as alleged, they represent that the judgment debtor, Joseph S. Nunez, acquired same from the plaintiff under a *bona fide* sale in 1879, and without any fraud or simulation. In the alternative they aver that if said sale should *not* be held binding and valid between their debtor, Joseph S. Nunez, and the plaintiff, yet they, as third persons, without knowledge of any defect in said sale, have acquired a judicial mortgage upon the property which attaches thereto by virtue of the duly recorded title of the former, and are entitled to enforce same by seizure and sale, without regard to any secret equities that may exist between the parties thereto.

Their prayer is that the plaintiff's demands be rejected at her cost, that they be allowed to proceed with the seizure and sale, and that the plaintiff be taxed with the sum of $150 as counsel fees for dissolving the injunction.

On this statement of the case this is a third opposition coupled with an injunction, to which the opponent sets up title to the property under seizure, averring the illegality of the apparent outstanding title of the seized debtor; and the seizing creditors, first affirming the verity and *bona fides* of the title of their debtor, in the alternative allege their legal mortgage upon it, *merely as a reason* why they ought not, as third persons, to be affected by secret equities and latent ambiguities in the title.

Had defendants been in the pursuit of the property in the hands of a third party, by the way of the hypothecary action in the attempted foreclosure of their alleged judicial mortgage, and plaintiff had intervened and resisted its enforcement, the question of its enforceability would have been an issue properly presented for trial and decision; but they proceeded by direct seizure against the property in the alleged possession of their judgment debtor, and by execution, *via ordinaria*, and this seizure was enjoined by the plaintiff, alleging possession in herself.

On such pleadings the mortgage rights of the defendants can not

be determined; and, indeed, if such mortgage be assumed to have an existence, it could be given the effect of restraining conveyance of the property, as it might well pass *cum onere.*

Stripped of the question of judicial mortgage *vel non*, and the case presents no serious difficulty for solution.

The evidence clearly establishes plaintiff's demand. She acquired title to the property under an execution sale against her husband, and thereunder went into actual possession thereof as her paraphernal property.

In 1879 she executed an act which is, in terms, a sale of said property to J. S. Nunez, for the expressed consideration of $2000 in cash, less a note for $833.97, with interest accumulations aggregating altogether $1123.23; but the proof shows that, in point of fact, no consideration was paid to the plaintiff, as vendor, in cash or note; and that the real purpose and object that was intended to be accomplished by the transaction was the security of the note of Demosthenes Nunez, plaintiff's husband, for the amount stated in favor of the vendee. The proof shows further that, notwithstanding the recital of the act to the contrary, no note was executed by Joseph S. Nunez in favor of the plaintiff; and in fact he continued to retain possession of the note he held against Demosthenes Nunez. The proof discloses further that subsequent to the execution and registry of said pretended act of sale the plaintiff retained the actual occupancy and possession of the property for many years; and that Joseph S. Nunez "never took possession" of it under his deed.

Under this state of facts the plaintiff is clearly entitled to have the judgment in her favor affirmed.

It is quite true, as a matter of equity—and this court has repeatedly maintained the principle—that, in case a party in possession under a recorded title executes a special mortgage thereon in favor of a third and innocent mortgagee, who advances money upon it, he nor his vendor can successfully attack and defeat it, on making proof of secret equities and latent ambiguities in the title; but we are not aware of this principle of equity having been extended so as to embrace a judicial mortgagee whose rights arise by simple operation of law; much less to an ordinary seizing creditor.

But, in any event, this principle is without application when the mortgagor is out of possession of the property mortgaged, as in this case. Hunter vs. Buckner, 29 An. 604.

This is the view entertained on this question by our learned brother of the lower court, with whom we quite agree; and we likewise agree with him with reference to the question of plaintiff's being estopped by her deed.

As he very justly observes, there is in the record neither allegation or proof of the defendants or their subrogor, the State, having been thereby influenced to change their situation in reference to Joseph S. Nunez on its account.

To our thinking, the case was properly disposed of.

Judgment affirmed.