Colgin vs. Courrege.

No. 14,109.

MRS. CELINA M. COLGIN VS. J. M. COURREGE.

SYLLABUS.

A sale made by a married woman with the authorization of her husband for the recited consideration of a price paid cash by the vendee is *prima facie* valid, and a subsequent sale of the property by the vendee to a third party acting in good faith on the faith of the public records is protected from a rescission by the wife of the original sale on the ground that it was not really a sale, but the taking up by her of a mortgage securing her husband's debt which she had executed in favor of the apparent vendee and that she executed the act under marital influence, coercion and the fraudulent representations of her husband, and the fraud in the vendee.

APPEAL from the Nineteenth Judicial District, Parish of Iberia —*Cammack, Judge ad hoc.*

*Broussard, Dulany & Broussard,* for Plaintiff, Appellee.

*Louis Octave Hacker* and *Weeks & Weeks,* for Defendant, Appellant.

STATEMENT OF THE CASE.

The opinion of the court was delivered by

NICHOLLS, C. J. The plaintiff, authorized and assisted by her husband, averred in the petition filed by her in this case that, through the fraud and illegal methods and contrivance of Jean Marie Courrege, practiced on her, and the marital coercion, force and duress exercised over her by her husband, she was induced to sell to the said Courrege certain described property declared to be a part and parcel of her paraphernal property to pay her husband's debts, alleged to be due to said Courrege. That said sale was an absolute nullity because it was an attempt on the part of Courrege to make her and her separate property responsible for the debts of her husband and of the community existing between them. That the consideration mentioned in said act did not enure to her benefit or separate use, and she signed said act under marital influence and by reason of the fraud practiced upon her by Courrege at the time, and by means of which she was led into error. That at the time of the purported sale from her to Courrege

he well knew that she did not owe him one cent; that she had never contracted any debt with him for her separate use and benefit and that of her separate property, and that if any amount was due to him it was the debt of her husband for which neither she nor her property can be liable, and that all transactions having in view such an end were absolute nullities because violative of a prohibitive law.

She averred that in order to secure the said act of sale of the said property, the defendant made to her representations which were false and fraudulent, and that, at the time, she repeatedly informed him that she owed him nothing and was in nowise liable to him for any amount, and that the effect of said sale was to make her surety for her husband, which was prohibited by law.

She averred that since the pretended sale to Courrege he had transferred and sold the same to the Iberia Building and Loan Association, and that said association was a necessary party to the suit.

She averred that the pretended sale of the said property was passed on the 18th of April, 1893, and that the consideration therein was declared to be two thousand dollars cash, when in fact and in truth no cash was received or paid, but in fact and in truth the consideration was a debt of her husband and well known as such at the time of the purchase by Courrege.

That on the same day, month and year the said Courrege, through fraud and misrepresentation to her and her husband, through marital influence, force and duress, to all of which Courrege was cognizant, fraudulently induced her to buy back from him this same property for the pretended purchase price of two thousand dollars, to represent which she was induced to sign a note for said Courrege for two thousand dollars, secured by a special mortgage on the property, all in error of her rights, through fraud and marital influence and force. That this transaction was only an attempt on the part of Courrege to give color of legality and reality to the transaction of the pretended sale made on the same day, and to conceal the real nature of the transaction and a device and scheme resorted to for the purpose of making her liable for the debts of her husband.

That in furtherance of the said scheme, device and contrivance of the said Courrege to make her liable for her husband's debts, in the face of the prohibitory law, and owing all the time to the aforesaid marital influence, force and duress of her husband, she was on the 18th of September, 1895, again induced to sell back to the said Cour-

rege the same property for the pretended purchase price of two thousand three hundred and seventy dollars cash, which in fact and reality was never paid to her, but was in fact, as in all the other transactions referred to and relating to the pretended sale of this property, an illegal and pretended consideration by which she was attempted to be made liable for her husband's debts, to become surety for the same and to pay the same. That she reiterated, as to this pretended sale of the 18th of September, 1895, all the allegations of fraud and nullity which she made in regard to the other transactions. She averred that, notwithstanding all the aforesaid machinations, contrivances, fraudulent schemes and other illegal methods resorted to to give validity and semblance of fair and real dealing to this pretended sale of this property, they did not and could not, for reasons stated, bind her or her separate property, nor could she be divested of her ownership, because she cannot be made liable for her husband's debts nor made security therefor; all of which is in the face of a prohibitory law. She prayed for citation upon Courrege and the New Iberia Building and Loan Association and that there be judgment in her favor annulling and rescinding the sales of the property described and decreeing petitioner the owner thereof and ordering her to be placed in possession thereof.

Each of the defendants excepted that plaintiff's petition declared no cause of action. The exception was overruled. Courrege answered, pleading the general issue.

The New Iberia Building and Loan Association answered first, pleading a general denial.

It then alleged that it was the owner of the property and acquired the same in good faith and by regular purchase from J. M. Courrege on the 20th of January, 1896, for the sum of twenty-nine hundred dollars.

That at the time of the purchase from Courrege he was the owner thereof by valid and legal chain of title from the plaintiff and her authors; that this transfer from plaintiff to him, as well as those from her authors, were all duly of record in the books of conveyance of the Recorder's Office of the Parish of Iberia. That it purchased said property in good faith and upon the faith of the records. That it is an innocent third party, and that the said property had been permitted by plaintiff to be and to stand recorded as the property of Courrege, and she is now estopped by her acts and conduct in so doing from denying same, which estoppel it expressly pleaded.

It averred that it was not aware of any secret equities which may have existed between plaintiff and Courrege, and it alleged that the sale from plaintiff to Courrege was a *bona fide* sale and for value. That the consideration thereof consisted in reality of goods and merchandise supplied and cash advanced, which had been made to her by Courrege and had been received by herself and her agents or paid out by him by her orders.

It denied that same was in any way fraudulent and averred that same was entered into of her own free will with the consent and authorization of her husband. Under proper allegations it called Courrege in warranty and contingently prayed for judgment against him.

Stephen E. Hale intervened in the suit praying that there be judgment dismissing plaintiff's suit, but praying that, should plaintiff have judgment for the land, that he be recognized as the owner of the improvements erected by him thereon, which he had set out in his petition, and, should the court decree that plaintiff might elect to keep the same, that he then have judgment against plaintiff for the costs of the material and workmanship in their construction, with reservation of all rights he might have against the New Iberia Building and Loan Association and J. M. Courrege.

The plaintiff answered the intervention of Hale by a general denial and prayed that intervenor's claim be rejected.

The court rendered judgment in favor of the plaintiff annulling and setting aside the sale from the plaintiff to the defendant, J. M. Courrege, and decreeing plaintiff, Mrs. Celina M. Colgin, to be the owner of the property as her separate paraphernal property, and ordering her to be placed in possession thereof.

The court further ordered, adjudged and decreed that the New Iberia Building and Loan Association have judgment against defendant, Jean Marie Courrege, for the sum of two thousand five hundred dollars, with five per cent. interest from the date of the judgment. The court further adjudged and decreed that the plaintiff should have the right to elect to retain the improvements placed on the property of the intervenor, Stephen F. Hale, upon payment of the sum of seventeen hundred and seventy dollars, in default of which payment the intervenor, Hale, should have the right to remove from said property said improvements placed on the same by him. It further decreed that the costs of the original demands be paid by the defendant, J. M. Courrege, and that plaintiff pay the costs of the intervention.

J. M. Courrege, The New Iberia Building and Loan Association and Stephen F. Hale appealed.

### OPINION.

It may be conceded that the original act of transfer of the property involved in this litigation from Mrs. Celina Colgin to J. M. Courrege and the re-transfer to her on the same day before the same notary, under reservation of a special mortgage and vendor's privilege by Courrege, were, in fact, nothing more than a plan by and through which the paraphernal property of the wife was mortgaged to secure a debt due by the husband. It may be likewise conceded that while the consideration of the act of sale made on the 18th day of September by Mrs. Colgin to Courrege was stated to be the sum of two thousand three hundred and seventy dollars cash in hand paid, the actual consideration was to effect the payment of the debts of her husband.

From these conceded premises it does not follow as a necessary legal conclusion that the plaintiff is entitled to have the same annulled and set aside.

We are called upon in the case at bar to deal not with an executory, but an executed contract, one where a wife is not resisting an attempt being now made to make her property liable for a debt of her husband, but to undo an accomplished act on the strength and faith of which third parties have acquired rights. The issues which the plaintiff seeks to have determined in her favor involve not only Courrege, but The New Iberia Building and Loan Association, who purchased the property subsequently, really for the benefit of Stephen F. Hale, and Stephen F. Hale himself. Plaintiff relies upon Article 2398 of the Civil Code, which declares that "the wife, whether separated in property by contract or judgment or not separated, cannot bind herself for her husband conjointly with him for debts contracted by him before or during the marriage." She urges that this article is a prohibitory law, and that under Article 12 of the Civil Code, whatever is done in contravention of such a law is null; that the provisions of Article 2398 establish a rule in the interest of the public good, and individuals cannot renounce the benefit of the same or derogate from their force by any contract. (C. C. 11.) That the contracts which she attacks are absolute nullities which cannot be affirmed or ratified and are void and of no effect under all circumstances and as to all persons.

The defendants rely upon the provisions of law which authorize the

wife, with the authorization of her husband, to alienate her immovable effects (C. C. 2390) and maintain that where she has executed an act in point of form an act of sale with an authorization of her husband, and permitted the same to have been placed upon the public records, the public have a right to act upon the presumption that the contract is a valid one and will be protected from adverse actions when they should have done so. They draw a distinction between acts of mort-gage executed by a wife to secure the debt of her husband and acts of sale which the wife may have made for the payment of his debts. They refer the court to Articles 122, 129, 130, 1746, 1782, 1786, 1798. 1845, 2390, 2397 of the Civil Code, to Blanchard vs. Castille, 19 La. 362; Richardson vs. Hyams, 1 Ann. 286; Boudreau vs. Bergeron, 4 Ann. 83; Moussier vs. Zuntz, 14 Ann. 14; Hankins vs. Hays, 15. Ann. 615; Davis vs. Greeve & Wildeman, 32 Ann. 420; Schepp vs. Smith, 35 Ann. 1; Joly vs. Weber, 35 Ann. 806; Morrow vs. Godchaux, 41 Ann. 711; State National Bank vs. Flathers, 45 Ann. 75; Broussard vs. Broussard, 45 Ann. 1085; Lester vs. Connelly, 46 Ann. 340; Thompson vs. Whitbeck, 47 Ann. 49; Lacassagne vs. Abraham, 48 Ann. 1160.

The plaintiff differentiates her case from those cited wherein the wife had actually sold her property and having actually received the proceeds thereof had subsequently appropriated the proceeds to the payment of the husband's debts. She insists that she has never received a dollar, and therefore her property has been disposed of without any consideration whatever, inasmuch as the only consideration was an illegal one and nothing has been received by her. She urges that the distinction between contracts of mortgage and those of sale which the defendants contend for is one which cannot be sustained, as under it the wife would be protected against the lesser act of mortgaging her property and left defenseless against the more serious act of selling her property. It is not charged in the pleadings that either the Building Association or Stephen Hale acted in bad faith or had actual knowledge of the situation. The utmost claimed is that the situation was such that from the acts placed upon record they were put upon inquiry as to what the relations between plaintiff and her husband and Courrege were, and that, failing to have made such inquiry, they acted at their peril. It may be said here that the purchase of the property by the Building Association from Courrege was predicated upon a report made to it by its legal adviser that the title was good.

The proposition of the plaintiff that the act between herself ard Courrege purporting to be an act of sale for a price which was paid cash, and in the execution of which act she was aided and authorized by her husband, was so radically null as to be void and of no effect, though placed upon record, and though acted upon in good faith by third parties, is not tenable. The act was *prima facie* valid. It was an act which had all the appearance of legality under the provisions of Article 2397 C. C., and the public were, when in good faith, justified in acting upon that presumption.

There was nothing on the face of that particular act which connected the contract which it purported to evidence with prior relations which may have existed between the parties. It stood, so far as the record showed, as a separate, independent transaction. It may be that the lawmaker has, under Articles 2397 and 2390 of the Code, opened a door for the perpetration of fraud upon the wife through an act made by her in the form of a sale while it has sought to protect her from her own weakness in binding herself and her property in an act of mortgage, but if the law be defective in this respect, as plaintiff's counsel claim it to be, we are powerless to correct it. So long as the law does not make a prior authorization by a judge after full investigation a condition precedent to the right of a wife to sell her property, the courts are bound to recognize her capacity to sell under the authorization of her husband. While a sale by a wife of her property is the exercise of a broader right of ownership than would be the granting of a mortgage upon it, it by no means follows that a sale would necessarily carry more injurious results to the wife than would a mortgage. There are numerous instances where the law permits a particular act to be done in view and in exact knowledge of a present existing situation or condition when it prohibits the same acts being done by anticipation. Thus a party is not permitted to waive citation or renounce prescription in advance.

So far as the attack upon the act of sale between herself and Courrege is made to rest upon the fraud or coercion of her husband and Courrege, or error upon her part, we need simply say that, while those facts would constitute good causes for rescission of the contract between the parties, the contracts themselves remain existing contracts until *set aside*. Article 188 of the Civil Code declares that engagements made through error, violence, fraud or menace are not absolutely null, but are voidable by the parties who have contracted under the

influence of such error, fraud, violence, menace or by the representations of such parties.

These defects, by reason. of their latent character, are not as a general rule permitted to injuriously affect third parties who have acted in good faith.

The *syllabus* in the case of Lester vs. Connell, 46 Ann. 340, declares that "where a married woman, separate in property, sells by authentic act her paraphernal property, although the sale disguised a mortgage for the benefit of the husband, yet if the notes given for the purchase price fall into the hands of innocent third parties, the special mortgage and vendor's privilege securing the notes will be enforced. There is no distinction in principle between the holder of notes given for the *purchase price* of the property and the purchaser of such property, as the reliance of both the note holder and purchaser is upon the public record. When that discloses an unimpeachable title, the protection of the law is afforded as against unknown and latent defects. * * * The secret equities between the original parties cannot affect his title or impair its validity or the mortgage."

In Thompson vs. Whitbeck, 47 Ann. 49, this court held that " a married woman who makes a simulated sale of her property to serve the purposes of her husband, the title of the vendee being recorded, is bound by her sale to one acquiring in good faith and for value on the faith of the recorded title." (45 Ann. 1045.) The defendants are entitled to protection against plaintiff's action.

For the reasons assigned, it is hereby ordered, adjudged and decreed that the judgment appealed from be and the same is hereby annulled, avoided and reversed, and it is now ordered and adjudged that there be judgment in favor of the defendants against the plaintiff, rejecting plaintiff's demand and dismissing her suit with costs in both courts.