(35 South. 983.)

No. 14,843.

MUNHOLLAND et al. v. FAKES et al.*

(Dec. 14, 1903.)

HUSBAND AND WIFE—CONVEYANCE BY WIFE—PRESCRIPTION.

1. The nullity of a sale made by the wife in payment of her husband's debts is cured by the prescription of five years dating from the dissolution of the marriage, or the majority of the heir of the wife.

*Rehearing denied February 29, 1904.

2. In the prescription liberandi causa, the question of good or bad faith plays no part.

(Syllabus by the Court.)

Appeal from Eighth Judicial District Court, Parish of Franklin; D. N. Thompson, Judge.

Action by John M. Munholland and others against B. R. Fakes and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Carey J. Ellis and John Merritt Munholland, for appellants. E. Tyler Lamkin, for appellees.

PROVOSTY, J. The heirs of Mrs. Munholland are seeking to recover a piece of real estate sold by her during her marriage. They allege that the sale was made under coercion by the husband, and to pay his debts. The district judge found that the sale had been made voluntarily, but in payment of the husband's debts. He sustained, however, a plea of prescription of five years urged by defendants under article 3542, Civ. Code, whereby the action "for nullity or rescission of contracts" is barred by five years. Plaintiffs contend that this prescription is inapplicable, because the sale was so utterly null as to be legally nonexistent, and that the suit, in consequence, is not an action in nullity or rescission, but is in reality a petitory action, and that the only prescription which could be available would be 10 or 30 years acquirandi causa. This court has had occasion to consider carefully the nature of the nullity resulting from the prohibition to the wife to bind herself or her property for her husband's debts, and has held that it is only relative, and is cured by ratification, or by the equivalent of ratification—the prescription of five years here in question. Brownson v. Weeks, 47 La. Ann. 1042, 17 South. 489. To travel once more over the same ground would serve no useful purpose. More than five years have elapsed since the death of the wife and the majority of the youngest of the heirs. The plea of prescription was properly sustained.

In the prescription liberandi causa, the question of good or bad faith plays no part.

Judgment affirmed.