(67 South. 523)

No. 19830.

HAMILTON v. MOORE.

In re MOORE.

(June 30, 1914. On Rehearing, Feb. 23, 1915.)

*(Syllabus by Editorial Staff.)*

1. HUSBAND AND WIFE ⊚⟹152—WIFE'S SEPARATE ESTATE—DEBTS OF HUSBAND.

A contract by which a married woman seeks to bind her separate property for a debt of her husband is null, no matter what its form may be.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 596–602; Dec. Dig. ⊚⟹152.]

2. MORTGAGES ⊚⟹37 — ABSOLUTE DEED AS MORTGAGE—PAROL EVIDENCE.

Parol evidence may be introduced by a wife to show that a sale of her separate property, absolute on its face, was in fact a mortgage to secure a debt of her husband.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 97–107; Dec. Dig. ⊚⟹37.]

3. LIMITATION OF ACTIONS ⊚⟹44—PRESCRIPTION—SALE OF LANDS—VALIDITY — VENDOR IN POSSESSION.

Prescription does not run against an action or exception attacking the validity of a sale of land, where the vendor was at all times in possession of the land.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 220–230, 232; Dec. Dig. ⊚⟹44.]

On Rehearing.

4. HUSBAND AND WIFE ⊚⟹202—WIFE'S SEPARATE ESTATE—DEBTS OF HUSBAND.

Where a wife sells her separate property, receives the price, and with it pays her husband's debts, the purchaser acquires a valid title.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 737, 945; Dec. Dig. ⊚⟹202.]

5. LIMITATION OF ACTIONS ⊚⟹95—PRESCRIPTION — VOID CONVEYANCE — ACCRUAL OF RIGHT OF ACTION.

Where a wife did not know that the instrument she signed was a sale, but thought it a mortgage, the purchaser is not protected by the prescription of 5 or 10 years against an action of nullity by the plaintiff in possession.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 337, 473, 474; Dec. Dig. ⊚⟹95.]

Monroe, C. J., dissenting.

Certiorari to Court of Appeal, Parish of Union.

Certiorari by George W. Moore, to review a judgment of the Court of Appeals, parish of Union, which affirmed a judgment for the plaintiff in an action by Mrs. Barbara D. Hamilton against George W. Moore. Judgment of the Court of Appeals affirmed on original hearing and on rehearing.

J. Burrough Crow, of Farmerville, for applicant. Sholars, Elder & Benoit, of Monroe, for respondent.

PROVOSTY, J. Plaintiff sues to have a cash sale, absolute on its face, made by her to the defendant, of improved real estate decreed to have been a contract of security for a debt of her husband, and as such null, and to have the inscription of same in the book of conveyances of the clerk's office erased.

She does not allege error, nor fraud, nor marital coercion, nor inadequacy of price, but simply that the real nature of the continued in possession and has done so up to the present time.

[1] An exception of no cause of action was filed, and of course was properly overruled, since any contract by which a married woman may have sought to bind her property for a debt of her husband is null, no matter what its form may be.

The district court and the Court of Appeals found the facts to have been as stated by plaintiff, and gave judgment in her favor.

[2] This proof was made by oral evidence. Defendant objected to it on the ground that it varied and contradicted the written act of sale. In Leblanc v. Bouchereau, 16 La. Ann. 11, where the same objection was made in a similar suit, the court said:

"This is not an action to annul a simulated conveyance; but one to declare invalid a contract, in appearance legal and binding, but covering a violation of a prohibitory law. It is well settled that incapacitated persons, when seeking to be relieved from the effects of engagements, contracted by them in fraudem legis, are entitled to show the real nature of the transaction"—citing Thibodeaux v. Herpin, 5 La. Ann. 578, where the right of a married woman to prove by parol that an absolute sale made by her to a third person was a disguised donation to her husband, was recognized.

In Chaffe & Bro. v. Oliver, 33 La. Ann. 1008, where parol evidence was offered by a married woman to show the true character of a mortgage given by her for a debt of her husband, as she alleged, the court said:

"She is not confined to counter letters and interrogatories on facts and articles, but may resort to parol evidence."

Douglass v. Douglass, 51 La. Ann. 1456, 26 South. 546, is another case of an absolute sale the true nature of which the wife was allowed to show by parol. A large number of cases are there cited, and the rule on this point is authoritatively announced. Caldwell v. Trezevant, 111 La. 410, 35 South. 619.

[3] The sale was made in 1882, and this suit was instituted in 1911, and defendant pleaded prescription of plaintiff's right of action. But prescription does not run against the party in possession. "Quæ temporalia ad agendum perpetua sunt ad excipiendum." Hennen Dig. p. 1235, Nos. 5, 7, 8.

"This rule," said this court in Delahoussaye v. Dumartrait, 16 La. 91, "which is derived from the Roman jurisprudence, has often been improperly applied, and made to cover direct demands under the name and form of exceptions. It is now, however, well understood to exist only in favor of a defendant in the possession or exercise of the property, right, or position attempted to be taken from him. If, for instance, a vendor is left in possession of property after a sale of it which might have been annulled on the score of lesion, he may remain silent as to this defect in the contract, and reserve to himself the right of pleading the nullity of the sale, by way of exception, whenever he shall be sued by the purchaser for the delivery of the property; until then he has no interest to bring a suit; he might consider the contract as a nullity, and believe that the purchaser will never call for its execution; hence the maxim, 'Posidenti non competit actio sed exceptio.' If, on the contrary, such a vendor had delivered the property, and suffered the purchaser to remain in possession a length of time sufficient for the prescription of the action of rescission, he could not afterwards, by bringing a petitory action, thus compel purchaser to produce his title, and then by way of exception ask for its nullity or rescission."

Defendant also pleaded estoppel; but it is too well settled to need citation of authority that estoppel has no application to the case of a married woman seeking to be relieved from contracts of security for a debt of her husband.

Judgment affirmed.

### On Rehearing.

O'NIELL, J. [4] If the plaintiff had sold her paraphernal property, received the price, and with it paid her husband's debts, the purchaser of her property would have a valid title. But he has admitted in his tes-

timony that he had no negotiations whatever with Mrs. Hamilton; that he bought the property to accommodate Mr. Hamilton, to enable him to pay certain judgments which had been rendered against him; that, when the deed was prepared and before it was signed, he paid the $400 to Mr. Hamilton, and only knew that Mrs. Hamilton would sign the deed because Mr. Hamilton told him she would. He (defendant) then went with Mr. Hamilton to the latter's residence. Mr. Hamilton went into the room where his wife was, and after a while returned with her, and she signed the instrument. The property was the plaintiff's home, and she and her husband and children continued to occupy it as such after as before the deed was signed. The defendant admits that Mr. Hamilton continued paying the taxes on the property until his death; and there is no contradiction of the evidence that Mrs. Hamilton has paid the taxes regularly since her husband's death.

[5] The defendant offered no evidence to corroborate his testimony that he paid the $400 to Mr. Hamilton, nor to corroborate his statement that Mr. Hamilton paid him rent at $50 a year. He testified that he advanced Mr. Hamilton on his crops, and that the latter owed him between $700 and $800 at the time of Mr. Hamilton's death. Hence it is not satisfactorily shown that the financial transactions between the defendant and Mr. Hamilton amounted to anything more than debits and credits on the defendant's books, of which Mrs. Hamilton had no knowledge.

When the witness Anderson had closed his negotiations with Mrs. Hamilton for the purchase of the timber on this land, he examined the records, learned that the title stood in the name of the defendant, and so informed the plaintiff. Her immediate demand upon the defendant to reconvey the property to her and her prompt action to annul the deed are in consonance with all the evidence that she did not know she had signed a conveyance of her property to Mr. Moore until Mr. Anderson discovered it and informed her.

Under these circumstances, the defendant is not protected by the prescription of 5 or 10 years against the action of nullity by the plaintiff in possession. She had no knowledge of the character of the deed and did not ratify it, either expressly or tacitly, after her husband's death. The decisions cited by defendant's counsel in the cases of Vaughan v. Christine, 3 La. Ann. 328, Lafitte v. Delogny, 33 La. Ann. 659, Brownson v. Weeks, 47 La. Ann. 1042, 17 South. 489, Munholland v. Fakes, 111 La. 931, 35 South. 983, Doucet v. Fenelon, 120 La. 18, 44 South. 908, and Hamilton v. Hamilton, 130 La. 302, 57 South. 935, are founded upon facts entirely different from the present case and have no application here.

The decree heretofore rendered in this case is reinstated and made the final judgment herein.

MONROE, C. J., dissents and hands down reasons. See 67 South. 524. PROVOSTY, J., concurs, and hands down a separate opinion. See 67 South. 530.