(92 South. 339)

No. 24576.

### JACKSON et al. v. SHAW.

(March 13, 1922. On Rehearing by Whole Court, June 22, 1922.)

*(Syllabus by the Court.)*

1. **Husband and wife** ⬤⟿183—**Wife cannot convey property for husband's debt.**

A wife cannot directly or indirectly give her property or waive her rights in discharge of her husband's debts.

2. **Liability of wife's transferee to account.**

But such a contract, being only voidable and not essentially void, stands as a real contract until rescinded; hence her transferee is owner of the property until she sees fit to rescind the contract, and in the meantime may deal with it as his own for which he owes her no accounting.

### On Rehearing.

*(Additional Syllabus by Editorial Staff.)*

3. **Husband and wife** ⬤⟿202—**One taking conveyance from wife for husband's debt bound to account for oil and other minerals.**

Where one taking a conveyance from a married woman in payment of her husband's debt had full knowledge of the facts and was ignorant only of the law, he was a possessor in legal bad faith, and, even though a possessor in legal good faith, was bound to account for oil and other minerals taken from the land by him, which, unlike the fruits of the land, continue to belong to the owner when removed by a possessor in good faith.

Leche, J., dissenting, and O'Niell, J., dissenting in part.

Appeal from Third Judicial District Court, Parish of Claiborne; J. E. Reynolds, Judge.

Suit by Alice Jackson and others against G. W. Shaw, Jr. From a judgment for defendant, plaintiffs appeal. Judgment set aside, and case remanded on rehearing.

Wilkinson, Lewis & Wilkinson and Gilmer & Cousin, all of Shreveport, for appellants.

Wallace, Lyons & Wallace, of Shreveport, for appellee.

By Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.

ST. PAUL, J. Thirteen years before the filing of this suit the mother of plaintiffs sold the property in controversy for a recited cash consideration of $217.88 to defendant who has been in possession ever since. Plaintiffs now seek to have the deed annulled upon three grounds: (1) That their mother was coerced into signing the deed by her husband; (2) that the deed was given only as security, and a counter letter given which has since been lost; and (3) that the recital of the deed is not true, the sole consideration for said transfer being a debt due to defendant by the husband.

There is no evidence whatever of coercion, and we seriously doubt the existence of any counter letter, or that the transfer was intended as anything less than an absolute deed. But we do believe the truth to be as admitted by the defendant, to wit, that the consideration given was partly cash, and partly a debt due by the husband.

I.

[1] Article 2398, C. C., declares:

"The wife, whether separated in property by contract or by judgment, or not separated, cannot bind herself for her husband, nor conjointly with him, for debts contracted by him before or during the marriage."

Beginning with Durnford v. Gross, 7 Mart. 465, this court has, in a long line of decisions (with a single exception), construed this article to mean that whoever deals with a married woman does so at his peril and must see that the contract inures to the advantage of her separate estate. In Gasquet v. Dimitry, 9 La. 592, Judge Bullard pointed out (page 603) that our article has its origin in the Senatus Consultum Velleianum of the Roman Law (Dig. Book 16, title 1) by which a woman was forbidden to bind herself for or with any

other person, and especially her husband; and that this applied to a case where the wife had transferred property to her husband's creditors in payment of his debt. See, also, McIntosh v. Smith, 2 La. Ann. 756; Provost v. Provost, 5 La. Ann. 572; Brower v. His Creditors, 11 La. Ann. 117; Bisland v. Provosty, 14 La. Ann. 169; Harang v. Blanc, 34 La. Ann. 632.

Besides these six cases in which it was expressly decided that the wife cannot directly or indirectly give her property or waive her rights in discharge of her husband's debts, there are others in which this was simply taken for granted as being well-settled law. See Krouse v. Neal, 42 La. Ann. 950, 8 South. 471; Succession of Toledano, 42 La. Ann. 914, 8 South. 604; Broussard v. Le Blanc, 44 La. Ann. 880, 11 South. 460; Munholland v. Fakes, 111 La. 932, 35 South. 983; Keating v. Wilbert, 119 La. 461, 44 South. 265; Hamilton v. Moore, 136 La. 631, 67 South. 523.

The dictum in 136 La. 634, 67 South. 523, that a wife who sells her property, receives the price, and pays her husband's debts with the proceeds, cannot afterwards revendicate the property, is doubtless sound law; but it has no application here, where the wife did not receive the proceeds, same being retained by the creditor of her husband in satisfaction of his debt.

The case of Morrow v. Goudchaux, 41 La. Ann. 711, 6 South. 563, seems therefore to stand alone, and we will not follow it against the uniform trend of our jurisprudence; nor will we go to the jurisprudence of other states founded upon a system of laws differing in origin and in substance from our own. If our laws need revision to meet modern conditions, it is for the Legislature, not for us, to do the revising.

## II.

[2] As there is nothing immoral or repugnant to reason, in a wife paying her husband's debts with her money or property (if so disposed), it follows that the contract by which she does so is not essentially void, but merely voidable. C. C. art. 1758, No. 1. Hence such contracts stand as real contracts until rescinded.

The wife's assignee, under such circumstances, is therefore something more than a mere possessor in good faith. He is, in fact and in law, owner of the property until his title be set aside, and can even convey a good title to third persons. Colgin v. Courrege, 106 La. 684, 31 South. 144.

We are therefore of opinion that in the meanwhile he may deal with the property as his own, and owes no accounting whatever to the wife when she chooses to rescind the contract. It is her privilege to reclaim the property; but she must take it back in the condition in which she finds it. See C. C. arts. 2575, 2579.

Hence defendant in this case owes no accounting to plaintiffs for the oil taken from the land before judicial demand.

### Decree.

The judgment appealed from is therefore reversed, and it is now ordered the plaintiffs herein Alice Jackson, Cora Jackson, Rosie Jackson, and Arsey Jackson be and they are hereby recognized as joint owners of one twenty-second interest in and to the lands described in the petition, and in the deed heretofore executed by Lucy Jackson to G. W. Shaw, Jr., on January 14, 1907, recorded in the Conveyance Records of Claiborne parish, Book W, p. 572; together with all the rents, royalties, and revenues therefrom, from and after the judicial demand herein made (August 14, 1920); and to be entitled to an accounting from said G. W. Shaw, Jr., for all the rents, royalties, and revenues received by him since said date. And in all other respects the demand of the plaintiffs is rejected; defendant to pay all costs of both courts.

On Rehearing.

By the WHOLE COURT.

PROVOSTY, C. J. We adhere to the view that, for the reasons assigned in the original opinion, the sale by Lucy Jackson to G. W. Shaw, Jr., is null; but further consideration has convinced us that Shaw owes plaintiffs an accounting.

[3] If he believed that Lucy Jackson could make a valid sale of her property in payment of a debt of her husband, his error came not from ignorance of the facts, for he had full knowledge of them, but of the law; so that, however much he may have been in actual good faith, he was in legal bad faith. Dohan v. Murdock, 41 La. Ann. 494, 6 South. 131; Railroad Co. v. Sledge, 41 La. Ann. 896, 6 South. 725; Railroad v. Elmore, 46 La. Ann. 1237, 15 South. 701; McDade v. Bossier Levee Dist., 109 La. 625, 33 South. 628; Leury v. Mayer, 122 La. 486, 47 South. 839; Gremillion v. Roy, 125 La. 524, 51 South. 576.

And the fact is that, even if he had possessed in legal as well as actual good faith, he still would owe this accounting; since oil and other minerals taken from the land by a possessor in good faith continue to belong to the owner of the land, and therefore must be restored to this owner along with the land—unlike in that respect to fruits, which pass into the ownership of the possessor in good faith as soon as reduced to possession by him. Elder v. Ellerbe, 135 La. 990, 66 South. 337. So in Ball v. Simms, 121 La. 627, 46 South. 674, 18 L. R. A. (N. S.) 244, it was held that a possessor, even in good faith, owes an accounting for timber taken from the land. So likewise in McGee v. La. Lumber Co., 123 La. 696, 49 South. 475.

It is therefore ordered, adjudged, and decreed that the judgment heretofore handed down herein be reinstated, in so far as it sets aside the judgment appealed from, and annuls the sale by Lucy Jackson to the defendant, G. W. Shaw, Jr.; and that this case be remanded to the lower court for trial, on the demand of plaintiffs for an accounting for the oil received by defendant both before and since the filing of this suit, and for all moneys or other values received by him from mineral leases of the land, or from the sale of mineral rights in the land; and that defendant pay the costs of this suit.

O'NIELL, J., dissents from the ruling that the sale by Lucy Jackson to G. W. Shaw was null.

LECHE, J., dissents.