## BELL v. CANAL BANK & TRUST CO.*

No. 1955.

Court of Appeal of Louisiana. First Circuit.

March 22, 1939.

*Writ of error granted by Supreme Court May 1, 1939.

296

Leslie A. Fitch, of Baton Rouge, for appellant.

Borron, Owen & Borron, of Baton Rouge, for appellee.

LE BLANC, Judge.

A rehearing was granted in this case in order that further consideration might be given to one of the points involved in the main issue that is presented. Stated in the form of a question, the point is: Does the rule of law which affords protection to the purchaser of property dealing on the faith of the public records apply in a case where the purchaser's title grows out of a sale under mortgage and it is shown that the mortgagor himself was not in possession of the property at the time he granted the mortgage? In this case the inquiry on the question of possession may be said to extend even further as it is also shown that the title under which the defendant claims included an adjudication at a tax sale after which sale the tax debtor had remained in possession of the property.

A statement contained in the opinion of the court in the case of Broussard v. Le Blanc, 44 La.Ann. 880, 11 So. 460, 462, may be said to have given rise to some confusion which no doubt prompted counsel for plaintiff in this case to stress the contention made by him. In that case the court held that the protection accorded by law to the innocent mortgagee who advances money to a special mortgagor under a recorded title to the property does not extend to the judicial mortgagee whose rights arise by simple operation of the law. The court added this statement however that "In any event, this principal is without application, when the mortgagor is out of possession of the property mortgaged," citing Hunter v. Buckner, 29 La.Ann. 604, as authority. From that statement it might be inferred that the case cited was authority to the effect that the principle referred to did not apply even in cases of special mortgage when the mortgagor was shown to be out of possession of the mortgaged property.

Looking to the case of Hunter v. Buckner we find it to be nothing more than an emphatic affirmance of the principle that the record owner by a title translative of property may grant a valid mortgage on that property even though he is shown not to be the real owner. In that case, parol testimony offered to prove certain matters relating to the contract under which the record title appeared in the name of the mortgagor had been rejected in the lower court and, in commenting on that phase of the case, the Supreme Court said: "It is of no consequence to the outside world what the contract really was between Wamsley and these parties. The only matter that third persons are concerned with, is to know what Wamsley and his vendors say that the contract is. There was on the public records, and in its proper place, an act of sale by which a title, translative of property, was conveyed to Wamsley. of a certain tract of land, the price of which was acknowledged to have been paid in full, and he was in possession of it. He mortgaged that land to a bona fide creditor to secure his debt. There is no pretense of fraud, or simulation, or collusion, or bad faith, nor is there any knowledge alleged or brought home to the creditor, of the secret purposes or understandings of these numerous parties, if indeed such existed, and he can not be affected or injured by them." The possession of the property by the mortgagor is referred to, in our opinion, to give added weight and strength to the position of the mortgagee. It is mentioned among others as one of the matters he had to rely on in dealing on the faith of the public records, but it was not an indispensable requirement in establishing his good faith when it otherwise appears that he could have placed his entire reliance on the public records as he found them.

In the matter of the protection which it affords to a party dealing with property on the faith of the public records the law imputes the same good faith to the mortgagee as it does to the purchaser. In Frederick Davis, Adm'r, et al. v. Greve & Wilderman et al., 32 La.Ann. 420, 421, the court stated: "It is well settled that the holder of the legal title, which is properly inscribed in the public records, whether it be simulated or fraudulent, conveys a good title to the purchaser in good faith. There can be no difference, in principle, between the good faith of the purchaser, and the good faith of the mortgagee, so far as their respective rights are concerned; and jurisprudence makes none." The status of the mortgagee in this particular

has been likened to that of the purchaser in several other cases—among them Drey-fous v. Childs et al., 48 La.Ann. 872, 873, 19 So. 929; Foster's Heirs v. Foster's Adm'x, 11 La. 401; Stockton v. Craddick, 4 La.Ann. 282, 283—and as we know of no instance where possession on the part of the seller was found to be an essential requirement in order to support the good faith of the purchaser dealing with the property on the faith of the public records, we can think of no valid reason why the law would make that distinction in the case of a similar dealing between a mortgagor and a mortgagee. Neither can we conceive of any reason why the question of possession of the property should enter into consideration in applying the rule which protects the purchaser in such cases when one of the links in the chain of title is found to be, as in this case, an adjudication at tax sale. The rule is not based on possession but on the good faith which attaches to the person dealing with the public records and the trust which reposes in them.

We are of the opinion that in this case, the district judge was rather liberal in extending every consideration to the claims of the plaintiff, but after all he had to resort to what was the sole issue presented and that is whether or not by virtue of its title which originated in a mortgage given by the then owner of record of the property against whose title there appeared no defects whatever on the public records of the parish, the defendant is entitled to the benefit of that rule of law which has become almost consecrated in our jurisprudence to the effect that one who acquires property dealing on the faith of the public records will not be affected by any knowledge acquired outside of those records. In the case of Westwego Canal & Terminal Company v. Pizanie, 174 La. 1068, 142 So. 691, 692, the court says: "It has become trite law in this state that a third person can acquire a good title from the owner of record, even though knowing that this owner is not the true owner. This view has been repeatedly affirmed." The court refers to two cases and to the numerous authorities cited in one of those, and then continues: "Innocent third persons who deal on the faith of the public records are protected thereby. They are not affected by any knowledge they may acquire dehors the record." If they are protected even in the face of actual knowl-edge that the ownership of the property in the person they are dealing with is not real, then we do not understand on what theory they would be affected by any question relating to its possession.

Convinced as we are of the correctness of our former judgment in this case, it is now ordered that the decree therein be now reinstated and made final.