'LAND, J.
Plaintiff instituted this suit to be recognized as the owner of an undivided half interest in 20 shares of the capital stock of the Bank of Baton Rouge, represented by certificate No. 127 issued to the defendant, and for a partition by licitation of said shares and dividends accrued thereon.
Plaintiff is the only child of J. E. Leury and Hannah Leury, who were married in Baton Rouge on November 1, 1880. Plaintiff was born on November 4, 1881. Mrs. Leury died in Baton Rouge on August 17, 1893. On December 8, 1891, J. E. Leury acquired 20 shares of stock in the Bank of Baton Rouge, as evidenced by certificate No. 127. On October 27, 1893, a few months after the death of his wife, Leury transferred said certificate’ to the defendant.
The certificate was community property, and on the death of Mrs. Leury her undivided' half interest therein was inherited by the-plaintiff.
The defendant pleads the prescription of 3 and 10 years, and contends that the surviving husband, as usufructuary, had the legal right to sell the stock.
The last contention comes first in logical order, and is founded on the premise that the usufruct of shares of stock is an imperfect or quasi usufruct, under Rev. Civ. Code, arts. 534, 536, 549. The first article defines an imperfect usufruct to be one of the things which would be useless to the usufructuary, if he did not consume or expend them or change the substance of them, “as money, grains, liquors.” Articles 536 and 549 provide that the imperfect usufruct transfers-the ownership to the usufructuary, so that he may consume, sell, or dispose of them as-he thinks proper, subject to the obligation of returning the same quantity, quality, and value to the owner, or their estimated price, at the. expiration of the usufruct.
It is obvious that bank stock does not fall within the purview of article 534, Rev. Civ. Code, but represents an investment of money for the purpose of producing revenue. In such a case the usufructuary is entitled only to the fruits, as in the case of “rents of real property, the interest of money, and annuities.” Articles 544, 545. The argument that in the case at bar the usufructuary had the right to sell the stock because it was not producing a revenue is not only unsound in law, but unsupported by the facts of the case. Within a few years the stock had doubled in value, and 60 days after the sale to the defendant the first dividend was declared. Since the date of the sale the defendant had collected $1,495 in dividends, or $47.75 for *489 ■each share of the par value of §50. At the date of the trial below the stock was worth .§317.76 per share.
The plaintiff’s father was entitled to all the ■dividends declared up to the date of his death, January 30, 1896, though they may not have been collected by him. Article 547, Rev. Oiv. Code.
It does not appear that J. E. Leury was ever confirmed and qualified as tutor of his minor son, Louis F. Leury. But even had the father qualified as tutor, he could not have sold at private sale the interests of his minor son in the stock in question without an order of court issued upon the advice of a family meeting. Act No. 21, p. 17, Laws 1890. Before the passage of this statute bonds and stocks belonging to minors or successions could not be sold except at public auction pursuant to an order of court.
The defendant’s pleas of prescription are based on articles 3506 and 3509 of the Revised Civil Code, which reads as follows:
“Art. 3506. If a person has possessed in good faith and by a just title, as owner, a movable thing during three successive ■ years without interruption, he shall acquire the ownership of it by prescription, unless the thing was lost or stolen.”
“Art. 3509. When the possessor of any movable whatever has possessed it for ten years without interruption, he shall acquire the ownership of it without being obliged to produce a title or to prove that he did not act in bad faith.”
Plaintiff became of age on November 4, 1901. As prescription was suspended during his minority (Rev. Civ. Code, art. 3522), article 3509 has no application. As this suit was instituted more than four years after the plaintiff attained the age of majority, the prescription of three years is applicable, •if defendant has possessed in good faith and by a just title.
The defendant was well acquainted with .plaintiff’s father and mother, and had business transactions with them. Defendant was an officer of the Bank of Baton Rouge, and knew that the stock in question was acquired during the marriage, and knew that plaintiff’s mother was dead at the date of the sale, and that the plaintiff was her only child. Defendant knew all the facts of the case, and has neither pleaded nor testified that he was ignorant of the law. A just title is defined to be—
“a title which the possessor may have received from any person whom he honestly believed to be the real owner, provided the title were such as to transfer the ownership of the property.” Rev. Civ. Code, art. 3484.
“The possessor in good faith is he who has just reason to believe himself the master of the thing which he possesses, although he may not be in fact, as happens to him who buys a thing which he supposes to belong to the person selling it to him, but which in fact belongs to another.” Rev. Oiv. Code, art. 3451.
Being aware of all the facts, the defendant was bound to know that the minor owned one-half interest in the stock, and that his father had no legal right to sell the same except in the manner provided by law. In the early case of Francoise v. Delaronde, 8 Mart. (O. S.) 619, it was held that the sale of a minor’s property under an order of court, where all the legal formalities were not observed, did not vest in the purchaser a just title sufficient to support the prescription of 10 years. The court held that the honest belief of the purchaser that he was acquiring a good title was founded oh a mistake of law, and that “juris error is never a good foundation for acquiring property”; referring to the Roman commentators, Pothier and d’Agues-seau. This principle has been incorporated in article 1846 of our Revised Civil Code in the following terms:
“Error of law can never be alleged as the means of acquiring, though it may be invoked as the means of preventing loss or of recovering what has been paid or given under such error. The error, under which a possessor may be as to the legality of his title, shall not give him a right to prescribe under it.”
The sale of the stock in question was absolutely void as to the minor, and the purchaser was in bad faith. Blair v. Dwyer, 110 La. 332, 34 South. 464; Fletcher v. Cava *491 lier, 4 La. 268, 277. Had the sale of the stock been, made to a third person ignorant of the facts, the case might be different.
The judgment below recognized the plaintiff as the joint owner with the defendant of 20 shares of the capital stock of the Bank of Baton Rouge, as evidenced by certificate No. 127, together with the accrued dividends; and ordered that said interest in and to the said ownership in said bank be sold at public auction according to law for the purposes of effecting a partition between the plaintiff and the defendant, and referred the parties to a notary for the purpose of completing said partition, reserving their rights as against each other in any claim growing out of the above ownership in said bank; the same to be settled and determined in the partition.
The complaint of appellant is well founded as to the sale of the accrued dividends, amounting to $1,495.44, which have already been collected by the defendant. The only dividends which can be sold are such as have Dot been declared and paid by the bank. As already stated, the defendant is not accountable for dividends collected prior to the death of J. E. Leury, on January 30, 1896. The plaintiff further complains that the stock should not be sold because it is divisible in kind. The 'certificate of stock originally issued was transferred to the defendant, who surrendered the same to the bank and obtained a new certificate. Defendant, in the court below, did not suggest that a division in kind of the shares might be effected by his surrender of the certificate and the issue of two certificates for 10 shares each. The court had no control of the certificate, and was not called upon by the pleadings to order its surrender to the bank and the issuance of other certificates. The bank was no party to the suit, and a division in kind could not have been made without the consent of the bank and the parties to the litigation. When property is indivisible by - its nature, or when it cannot be conveniently divided, the judge is bound to order its sale at the instance of any one of the joint owners. Rev. Civ. Code, art. 1339. Nothing was left to the court but to order the sale of the interest in the capital stock represented by the original certificate, which had, as to the minor’s interest therein, been illegally transferred and surrendered. The defendant might have made a division in kind practicable, but he did not offer to do so.
It is therefore ordered that the judgment appealed from be amended by restricting the partition sale to the stock plus dividends which have not been heretofore declared and paid, and by ordering the defendant to account in the partition for all dividends received by him on the stock in dispute since January 30, 1896; and it is further ordered that said judgment as thus amended be affirmed, and that plaintiff pay the costs of appeal.