(53 South. 43.)

No. 17,892.

BANK OF BATON ROUGE v. LEUREY
et al.

(June 20, 1910.)

*(Syllabus by the Court.)*

CORPORATIONS (§ 122*) — STOCK — JUDICIAL SALE.

A banking company has no standing to enjoin a judicial sale of an alleged stock interest in the corporation for the purposes of a partition between other parties, as such a sale will not affect any rights or defenses the corporation may have in the premises.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 535; Dec. Dig. § 122.*]

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; H. F. Brunot, Judge.

Action by the Bank of Baton Rouge against Louis F. Leurey and another. From a judgment dismissing a provisional injunction, plaintiff appeals. Affirmed.

Saunders, Dufour & Dufour and Laycock & Beale, for appellant. Thomas J. Kernan and W. J. & P. F. Hennessey, for appellee Leurey.

LAND, J. Plaintiff enjoined the defendant Louis F. Leurey and the sheriff from selling, under a commission issued in the suit of Louis F. Leurey v. Ben R. Mayer, the—

"interest in the capital stock of the Bank of Baton Rouge represented by original certificate No. 127 issued to J. Edgar Leurey for 20 shares of said stock, of the par value of $50 each, said interest being one undivided one-fiftieth of the total capital stock of said bank, together with all dividends on said 20 shares of stock which have not been heretofore declared and paid."

Plaintiff alleged that the bank was no party to said suit and was not bound by the judgment therein rendered; that there was another suit pending in the court below, wherein the ownership of the same shares of stock was claimed by the Louisiana State Bank, the holder thereof, who was demanding a transfer of said stock on the books of the said bank; that the sale of said interest and stock as advertised would work to the plaintiff irreparable injury; and that all parties claiming an interest in said stock should be brought into court to adjust their rights, in order to protect the interest of the plaintiff. Wherefore plaintiff prayed that Leurey and the sheriff be cited to answer, and that writs of injunction issue restraining them from further executing said judgment and commission, etc.

Provisional writs of injunction issued as prayed for by the plaintiff. Defendants moved to dissolve on the grounds:

That the plaintiff was a mere stakeholder of the stock in controversy, and was without interest to enjoin the sale thereof ordered by the decree of the Supreme Court in the said case of Louis F. Leurey v. Ben R. Mayer, 122 La. 486, 47 South. 839.

That the court below was without jurisdiction to enjoin the partition sale ordered by said decree of the Supreme Court.

This motion was tried, and there was judgment dissolving the injunction, without damages, at plaintiff's costs. Plaintiff has appealed.

The only evidence offered by the defendants on the trial of the motion was the decree of the Supreme Court in the case of Leurey v. Mayer.

Plaintiff offered the proceedings in the suit of State ex rel. Louisiana State Bank v. Bank of Baton Rouge in the lower court. The objection that this evidence was res inter alios acta and irrelevant was sustained by the trial judge. The proceedings offered consisted of the petition of the Louisiana State Bank for a mandamus to compel the transfer of 45 shares of stock originally issued to Ben R. Mayer.

In its answer the bank set forth the proceedings and judgment in Leurey v. Mayer, and averred that a part of the certificates

described in the petition for mandamus were originally issued to represent the undivided one-fiftieth interest referred to in suit of Leurey v. Mayer; that the bank could not issue the certificates claimed in the mandamus suit, and the certificates referred to in the suit of Leurey v. Mayer, without increasing its capital stock, and could not increase its capital stock without impairing the interest of all the other shareholders. The bank prayed that the Louisiana State Bank be ordered to litigate with Louis F. Leurey, Benjamin R. Mayer, and the Whitney Central National Bank the question of the title to said one-fiftieth interest in the capital stock and to the certificate representing the said interest.

The case of Leurey v. Mayer is reported in 122 La. 486, 47 South. 839. It appears, from the statement of facts in that case, that certificate No. 127 was originally issued to J. E. Leurey, the father of the plaintiff herein; that said certificate was community property, and on the death of Mrs. Leurey her undivided interest therein was inherited by the plaintiff as sole heir; that, after the death of Mrs. Leurey, her surviving husband, without authority of law, transferred the certificate to B. R. Mayer, an officer of the Bank of Baton Rouge, who had knowledge of all the facts, and was bound to know that the title to an undivided half interest in the shares represented by the said certificate had vested by inheritance in Louis F. Leurey. In the case of Leurey v. Mayer, supra, the decree of the court recognized Louis F. Leurey as the joint owner with B. R. Mayer of 20 shares of the capital stock of the Bank of Baton Rouge, as evidenced by certificate No. 127, and of the dividends thereon not already declared and paid, and ordered a judicial sale of said interest in said capital stock for the purposes of effecting a partition between said parties.

In the case of State ex rel. Louisiana State Bank v. Bank of Baton Rouge, 125 La. 138, 51 South. 95, the mandamus prayed for by the relator was made peremptory. In that case the court held that the relator, a purchaser of stock certificates in good faith for value, and in the usual course of business, was entitled to be recognized by the corporation as the owner of the stock, and could not be required as a condition precedent to litigate his title with Louis F. Leurey.

The decision cited disposes of the grounds for an injunction in the case at bar, based on the mandamus suit of the Louisiana State Bank. The plaintiff has no real interest in the partition proceedings between Leurey and Mayer, and the judicial sale of the alleged stock interest and the partition of the proceeds will not affect the rights of the corporation in any way. If ever sued by Leurey, or the purchaser at the partition sale, it will be time enough for the Bank of Baton Rouge to urge any defenses it may have in the premises.

Judgment affirmed.

BREAUX, C. J. Having an interest, I recused myself.