LAND, J.
 

 Plaintiff and defendants inherited from their mother, the late Mrs. Louisa K. Rayner, seven lots of ground situated in the Sixth district of the city of New Orleans.
 

 Plaintiff has sued his coheirs for a partition of all of this property, and alleges that four of these lots, designated by Nos. 1, 2, 3, and 4 in Square 585 in said district, are divisible in kind, and that three of these lots, designated by Nos. 20, 21, and 22 in Square 659 in said district, are not divisible in kind and should be sold to effect a partition.
 

 Defendant I-Ienry William Rayner is a resident of the city of New York and, through a curator ad hoc appointed to’represent him, filed a general denial to plaintiff’s petition.
 

 An inventory was ordered, and appraisers and experts were appointed to value the property and to report to the court whether or not same is divisible in kind. On the trial of the case the plaintiff testified that the four lots in,Square 585, two of which were improved, were divisible in kind, and, at the same time, the report of the experts declaring these lots to be divisible in kind, was offered and filed in evidence. The record contains no evidence to the contrary.
 

 The experts also reported that the three lots in Square 659 were not divisible in kind, and recommended that partition of these lots be effected by licitation. No evidence to the contrary was offered.
 

 Judgment was rendered accordingly, and it was ordered that the four lots be divided in kind between the three coheirs, and that the three lots be sold to effect a partition.
 

 Prom this judgment Ilenry William Rayner has appealed. Appellant submits that the dividing of the four lots in kind would result in inconvenience to him, and that these lots should be held not subject to partition in kind.
 

 In the lower court no proof was made by appellant of the indivisibility of the lots, nor of the inconvenience of which he now complains. The experts found that the four lots could be conveniently divided in kind among the coheirs, without diminution in value, and without either loss or inconvenience to the parties, and that there was no necessity for the sale of the property in order to effect a partition among the co-owners.
 

 Lots 1 and 2 are unimproved, and each is appraised in the inventory at $2,750, or a total of $5,500. Lot 3 is appraised at $2,750 and the double cottage thereon at $3,650, or a total of $6,400.
 

 Lot 4 is appraised at $2,750, and the double cottage thereon at $3,750, or a total of $6,500.
 

 The notary and experts could form one lot of the two unimproved lots; another lot of lot 3 and improvements; and a third lot of lot 4 and improvements.
 

 Lots 20, 21, and 22 in Square 659, with buildings and improvements thereon, are appraised at $18,500. It is clear, therefore, that when these lots are sold to effect a partition, there will be in the hands of the notary sufficient funds to compensate by a return of money any inequality in the shares arising from a partition in kind of the four lots.
 

 In article 1366 of the Civil Code it is provided that: “When the lots are of unequal value, such inequality is compensated by means of a return of money, which the coheir, having a lot of more value than the other, paj's to his coheirs.”
 

 As said in Kaffie v. Wilson, 130 La. 350 page 353, 57 So. 1001, 1002: “Every partition should be made in kind, unless the property be
 
 *1053
 
 indivisible by nature, or its division would cause a diminution of its value, or loss or inconvenience to one of the co-owners. C. C. arts. 1337, 1340.” See also Hoss v. Hardeman et al., 156 La. 371, 100 S. E. 532.
 

 The record discloses no good reason why the four lots should not be divided in kind.
 

 Judgment affirmed.
 

 ROGERS, J., takes no part.