## LAROUX et al. v. MYERS et al.
## No. 4418.

Court of Appeal of Louisiana. Second Circuit.

Nov. 10, 1932.

S. G. Myers, of Shreveport, and Fraser & Carroll, of Many, for appellants.

Wm. M. Pollock and Parsons & Colvin, all of Mansfield, for appellees.

DREW, J.

The plaintiffs herein sue to be recognized as the owners of a six-eighths undivided interest in the S. W. ¼ of S. E. ¼ and the S. E. ¼ of S. W. ¼ of section 25, township 8 north, range 13 west, Sabine parish, La. They allege that they, together with Martin Laroux, one of the defendants, and Teofilo Laroux, are the sole surviving, collateral relatives of Eli Laroux, all being brothers and sisters, or descendants of brothers and sisters, of Eli Laroux; that at the death of Eli Laroux, he left no ascendants or descendants, and the plaintiffs and Martin Laroux and Teofilo Laroux inherited the eighty acres above described, in the proportions of one-eighth to Martin Laroux, one-eighth to Teofilo Laroux, and six-eighths to plaintiffs, who are the brothers and sisters and descendants of brothers and sisters of Eli Laroux; and that Teofilo Laroux transferred his interest to Sidney G. Myers, who is also made a defendant.

Plaintiffs further allege that Eli Laroux

died in the year 1911, leaving a widow; that he acquired the property in question prior to his marriage; that several years after the death of Eli Laroux, Teofilo Laroux, his brother and co-owner with plaintiffs, by act of sale attempted to acquire the property from the widow of Eli Laroux in the year 1916, and that in 1931, he attempted by act of sale to transfer the title to Sidney G. Myers. They pray to be recognized as the owners in the proportions above set forth and also allege that they desire a partition in kind, and that the property can be divided.

The answer admits the relationships, as alleged, and alleges that Teofilo Laroux acquired the property in good faith on the advice of counsel, and that he transferred same in good faith to Sidney G. Myers. They also pleaded the prescription of ten years acquirendi causa. The answers of neither defendant deny the allegations of article XIII of plaintiffs' petition that the property can be divided in kind.

The lower court rendered judgment for plaintiffs, as prayed for, and defendants have prosecuted this appeal.

The record discloses without contradiction that plaintiffs and Martin Laroux and Teofilo Laroux are the sole surviving, collateral relatives of Eli Laroux, who died in 1911, leaving neither ascendants nor descendants, and that they inherited from Eli Laroux the property herein involved. Eli Laroux acquired the property prior to his marriage, and therefore no interest therein descended to his widow, Mrs. Gertrude Laroux, who, on March 6, 1916, by act of sale attempted to transfer the property to Teofilo Laroux.

 Under the facts as above stated, plaintiffs have established a legal and valid title in themselves to six-eighths undivided interest in the eighty acres of land in contest, unless the defendants had, since the death of Eli Laroux, acquired the land by the prescription of ten years acquirendi causa. The record discloses that Teofilo Laroux knew all the facts involved in this case, that is, that the land was acquired by his brother, Eli Laroux, many years prior to his marriage to the now surviving widow; and that, on Eli Laroux's death, he left neither ascendants nor descendants. Therefore, when Teofilo Laroux purchased the property from Eli Laroux's widow, he was in legal bad faith. He contends that he acted on the advice of counsel to the effect that the widow was authorized to sell. This, if true, is an error as to the law and not as to facts, and can afford him no relief. The error under which a possessor may be as to the legality of his title shall not give him a right to prescribe under it. It is only in instances where there is error as to facts, and not as to the law,

where legal good faith is presumed and made the basis of the prescription of ten years acquirendi causa. Revised Civil Code, art. 1846, subd. 3; Heirs of Dohan v. Murdock, 41 La. Ann. 494, 6 So. 131; McDade v. Bossier Lev. Bd., 109 La. 625, 33 So. 628; Francoise v. Delaronde, 8 Mart. (O. S.) 619; Leury v. Mayer, 122 La. 486, 47 So. 839; Jackson et al. v. Shaw, 151 La. 795, 92 So. 339; S. W. Gas & Elec. Co. v. Nowlin, 164 La. 1044, 115 So. 140; Wells et al. v. Blackman, 121 La. 394, 46 So. 437.

 Therefore, Teofilo Laroux, under title from Gertrude Laroux, the widow of Eli Laroux, was not a possessor in legal good faith and such a title cannot form the basis of the prescription of ten years acquirendi causa. Defendant Sidney G. Myers contends that he, having purchased the land from Teofilo Laroux, who had held open possession under title, is clearly not only in moral good faith, but in legal good faith, and should be declared the owner under just title, regardless of the legal bad faith of Teofilo Laroux, and citing in support of his contention article 3484 of the Revised Civil Code. This contention would be sound if Sidney G. Myers had been in possession under his title for ten years. He, however, has been in possession less than one year, and he cannot add to his possession the time of his authors, Teofilo Laroux's possession, which was possession in legal bad faith. Vance v. Ellerbe, 150 La. 388, 90 So. 735.

The plea of ten years' prescription acquirendi causa was properly overruled.

Defendant further contends that the judge below erred in ordering a partition in kind for the reason there was no evidence offered on this issue. Plaintiffs, in article XIII of their petition, set out the following: "That petitioners are unwilling to remain any longer as owners, in indivision, of said property, and desire a partition thereof, and that said property is divisible in kind."

We have searched the answers of defendants in vain to find any denial of this article. Their answers are silent on this issue, therefore the allegation that the property is divisible in kind is deemed to be admitted. Act No. 300 of 1914.

 Every partition of property should be made in kind, unless such division would cause diminution of value or loss or inconvenience. Rayner v. Rayner, 171 La. 1050, 132 So. 784.

 Defendant failed to answer and put at issue in the lower court the question of dividing the property in kind, and cannot raise the question for the first time on appeal.

The judgment of the lower court is correct, and is, therefore, affirmed, with costs.