**ROBERSON et al. v. REED et al.**

No. 5877.

Court of Appeal of Louisiana. Second Circuit.

April 28, 1939.

Rehearing Denied May 29, 1939.

James H. Dormon and Brunswig Sholars, both of Monroe, for appellant.

M. C. Redmond, of Monroe, for appellees.

HAMITER, Judge.

Plaintiffs, Foster Roberson and Ellis Roberson, pray in their petition in this cause to be recognized "as the true and lawful heirs of Stephen Roberson, Sr., and as such the owners of an undivided one-fourth interest" in and to a tract of land in Ouachita Parish, Louisiana, containing 125 acres. Impleaded as defendants are Ed Roberson and Julius Reed.

No appearance was made by Ed Roberson and a preliminary default was regularly entered against him.

Julius Reed tendered exceptions of vagueness, misjoinder of parties defendant and no cause and no right of action, and a plea of prescription of ten years acquirendi causa. The exceptions were overruled, while the plea of prescription was referred to the merits of the case.

The answer of defendant Reed furnishes a denial of the ownership claim urged by plaintiffs.

Judgment was rendered in plaintiffs' favor in accordance with their prayer. This appeal was prosecuted only by Julius Reed.

It does not appear that the exceptions of vagueness, misjoinder and of no cause and no right of action are seriously urged in this court. No authorities are cited by counsel in support thereof. After giving due consideration to them, we are satisfied that they were correctly overruled by the trial judge.

The controversial point in the case is presented by the plea of prescription of ten years acquirendi causa.

According to the evidence in the record, Stephen Roberson, Sr., and Emma Jackson were married in Ouachita Parish, Louisiana, and during this marriage they acquired by purchase the above mentioned 125 acres of land and established their home thereon. This property belonged to the community of acquets and gains existing between them. The said husband died intestate in 1917, leaving as his sole heirs at law defendant Ed Roberson, a son by a former marriage, and the plaintiffs herein, Foster and Ellis Roberson, who were children of a predeceased son of a former marriage. As a consequence of his death, the community one-half interest of said Stephen Roberson, Sr., in and to said land was inherited by such heirs. Through representation, Ed Roberson, the son, acquired one-half of his said interest or one-fourth of the entire tract, while the grandchildren, plaintiffs herein, received together his remaining portion or one-fourth of the whole. The described inheritance was, of course, subject to the usufruct enjoyed by the surviving spouse in community, Emma Jackson Roberson, who was the owner in her own right of the other one-half community interest.

The widow, Emma Jackson Roberson, remained on the property after the husband's death. With her was defendant Julius Reed, her son by a former marriage. They cultivated the land and otherwise had physical possession of it. The son is presently living there.

On March 30, 1925, Ed Roberson signed and executed a notarial act in which it is declared that he has sold, conveyed and delivered unto the said Julius Reed "his undivided one-half interest in and to" the above referred to tract of land. The payment to him of a cash consideration of $300 is therein acknowledged. The instrument was recorded on April 13, 1925, in the conveyance records of Ouachita Parish, Louisiana.

Also in April, 1925, the succession of Stephen Roberson, Sr., was opened and Ed Roberson and Emma Jackson Roberson were sent into possession of all of the community estate. This was done subsequent to the signing of the discussed deed and without the knowledge of said Ed Roberson and plaintiffs herein.

Emma Jackson Roberson, the widow of Stephen Roberson, Sr., died in the year 1934, leaving a will. In her probate proceedings Julius Reed qualified as executor. The estate is still under administration.

The plea of prescription of ten years acquirendi causa urged by defendant Julius Reed is founded on the following provisions of the Louisiana Civil Code:

"Immovables are prescribed for by ten years, when the possessor has been in good faith and held by a just title during that time." Article 3474.

"He who acquires an immovable in good faith and by just title prescribes for it in ten years. This prescription shall run against interdicts, married women, absentees and all others now excepted by law; and as to minors this prescription shall accrue and apply in twenty-two years from the date of the birth of said minor; provided that this prescription once it has begun to run against a party shall not be interrupted in favor of any minor heirs of said party. (As amended, Acts 1920, No. 161; 1924, No. 64.)" Article 3478.

The aforementioned deed executed by Ed Roberson on March 30, 1925, in favor of Julius Reed, on which the latter relies as constituting his required just title, is undoubtedly valid on its face and translative of ownership; and it is undisputed that he, together with his mother, during her life, has had corporeal possession of the described property continuously since that date. However, the presence of the remaining requisite element under the codal provisions in connection with the conveyance, that of good faith, is seriously and strenuously questioned by plaintiffs; and this furnishes the real issue for determination in the controversy.

The evidence is convincing that Julius Reed, on the date of the execution of the deed in question and for many years prior thereto, was familiar with the family history of Stephen Roberson, Sr., his stepfather. For a long period of time he lived in the latter's home. He knew that surviving said stepfather were a son, Ed Roberson, and the two children of a prede-

ceased son, who are plaintiffs herein. Ed Roberson and one of the plaintiffs, Foster Roberson, were among his acquaintances. Being aware of these facts, he is chargeable with knowledge that the mentioned descendants inherited by representation from the said Stephen Roberson, Sr., and particularly that plaintiffs, through such inheritance, owned an interest in the property.

There is evidence in the record tending to show an existing belief on the part of various residents of the neighborhood that Ed Roberson received and owned his father's full one-half interest in the property; and Julius Reed testifies that he was also of that belief and actually thought that he was acquiring such interest under the Roberson deed. On the other hand, it must be remembered that the purchaser knew of the existence of his stepfather's descendants, Foster and Ellis Roberson. Therefore, in attempting the purchase he was proceeding under an error of law and not one as to facts; and in view of this it must be concluded that he was not in legal good faith at the time.

"Error of law can never be alleged as a means of acquiring, though it may be invoked as the means of preventing loss or of recovering what has been given or paid under such error. The error, under which a possessor may be as to the legality of his title, shall not give him a right to prescribe under it." Civil Code, article 1846, subd. 3.

The situation before us is strikingly similar to that in the case of Laroux et al. v. Myers et al., La.App., 144 So. 117, 118, decided by his court. In the opinion therein we said:

"The record discloses without contradiction that plaintiffs and Martin Laroux and Teofilo Laroux are the sole surviving, collateral relatives of Eli Laroux, who died in 1911, leaving neither ascendants nor descendants, and that they inherited from Eli Laroux the property herein involved. Eli Laroux acquired the property prior to his marriage, and therefore no interest therein descended to his widow, Mrs. Gertrude Laroux, who, on March 6, 1916, by act of sale attempted to transfer the property to Teofilo Laroux.

"Under the facts as above stated, plaintiffs have established a legal and valid title in themselves to six-eighths undivided interest in the eighty acres of land in contest, unless the defendants had, since the

death of Eli Laroux, acquired the land by the prescription of ten years acquirendi causa. The record discloses that Teofilo Laroux knew all the facts involved in this case, that is, that the land was acquired by his brother, Eli Laroux, many years prior to his marriage to the now surviving widow; and that, on Eli Laroux's death, he left neither ascendants nor descendants. Therefore, when Teofilo Laroux purchased the property from Eli Laroux's widow, he was in legal bad faith. He contends that he acted on the advice of counsel to the effect that the widow was authorized to sell. This, if true, is an error as to the law and not as to facts, and can afford him no relief. The error under which a possessor may be as to the legality of his title shall not give him a right to prescribe under it. It is only in instances where there is error as to facts, and not as to the law, where legal good faith is presumed and made the basis of the prescription of ten years acquirendi causa. Revised Civil Code, art. 1846, subd. 3; Heirs of Dohan v. Murdock, 41 La. Ann. 494, 6 So. 131; McDade v. Bossier Levee Bd., 109 La. 625, 33 So. 628; Françoise v. Delaronde, 8 Mart., O.S., 619; Leury v. Mayer, 122 La. 486, 47 So. 839; Jackson et al. v. Shaw, 151 La. 795, 92 So. 339; Southwestern Gas & Electric Co. v. Nowlin, 164 La. 1044, 115 So. 140; Wells et al. v. Blackman, 121 La. 394, 46 So. 437."

As Julius Reed in the instant case did not enjoy the status of a possessor in legal good faith, the title under which he claims cannot form the basis of the prescription pleaded.

The judgment of the trial court appears to be correct and it is affirmed.